IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00251-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL GARCIA

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Daniel McIntyre, Assistant United States Attorney, and the defendant, Daniel Garcia, personally and by counsel, Lynn Anne Pierce, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

#### A. *Defendant's Obligations*:

The defendant agrees to (1) plead guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a prior felon; (2) admit the forfeiture allegation contained in the indictment, as detailed below; and (3) waive his appeal rights, as detailed below.

#### B. *Government's Obligations*:

In exchange for the defendant's plea of guilty and waiver of his appellate rights, the United States agrees to (1) recommend the Court give the defendant full credit for

Court's Exhibit

1

acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing; (2) recommend a sentence within the advisory guideline range as finally calculated by the Court.

### C. *Defendant's Waiver of Appeal*:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 12; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

D. *Forfeiture and Abandonment of Right, Title, and Claim to Seized Property*

The defendant admits to the forfeiture allegations contained in the indictment. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all asserts and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or the defendant's nominees or elsewhere. The assets to be forfeited specifically include, but are not limited to: the (1) a Taurus, Model PT111G2A, 9mm pistol, with serial number ABB276336; and (2) all ammunition recovered by law enforcement during this investigation.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offenses to which the defendant will plead guilty are as follows:

*First*: The defendant knowingly possessed a firearm or ammunition;

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition.

*Third*: at the time the defendant possessed the firearm or ammunition, the defendant knew that he had been convicted of such an offense; and

*Fourth*: before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is no more

3

than 10 years imprisonment, no more than a $250,000 fine, or both; no more than 3 years of supervised release;. A $100 special assessment fee is mandatory. If a term of supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows: On May 13, 2021, the defendant Daniel Garcia was on supervised release following a conviction for violating 18 U.S.C. § 922(g)(1) in District of Colorado case 16-cr-98-CMA. Based on this felony conviction,

4

and others, the defendant knew prior to May 13, 2021 that he had been convicted of a felony offense. On May 13, 2021 US probation officers Nelson and Haberman were conducting a home visit of Garcia. When they arrived, they observed Garcia exiting his car. When Garcia noticed the probation officers, he immediately closed the door to the car. While they were talking to Garcia, Officer Haberman looked into the vehicle and observed a water bong, which is a device used for smoking marijuana, which appeared to have a green leafy substance in it. Garcia took responsibility for the pipe and admitted he had been smoking marijuana.

Nelson asked Garcia if he could search the vehicle, and Garcia agreed. Under the driver's seat, the officers located a loaded handgun. Shortly thereafter, Garcia admitted the firearm belonged to him and stated that he needed it for protection.

The firearm was later tested for functionality and it was observed that it functioned as designed, that is, it was capable of expelling a projectile by means of an explosive. On June 14, 2021, ATF SA Robert Gillispie examined the firearm and determined it was manufactured in Brazil. Thus, it crossed interstate and international boundaries before it was possessed by the defendant in this case.

The defendant has multiple felony convictions for which he was sentenced to more than one year imprisonment, including the 922(g)(1) conviction for which he was on supervised release when he committed this offense. He was also convicted of Vehicular Eluding, for which he was sentenced to 2 years incarceration, and Second Degree Burglary of a ~~Dwelling~~ Building for which he was sentenced to five years incarceration.

## VI.  ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (U.S.S.G.). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The parties understand that, although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

**Offense Level**:  The base guideline is § 2K2.1.

A. Because the defendant was a prohibited person at the time he committed the instant offense, the base offense level is **14**.  § 2K2.1(a)(6)(A);

B. No Specific Offense Characteristics apply;

C. No victim-related, role-in-offense, obstruction and/or multiple count adjustments

apply.

D. The adjusted offense level is **14**.

E. Defendant should receive a decrease in the offense level by **-2** based upon his acceptance of responsibility. § 3E1.1(a).

F. The total offense level is **12**.

### Criminal History Category

A. The parties acknowledge and agree that the estimation regarding defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding defendant's criminal history, the parties believe that defendant falls within Criminal History Category ("CHC") **V**. § 4A1.1.

B. The armed career criminal adjustments do not apply. § 4B1.1.

### Guideline Ranges

C. The guideline range resulting from the estimated offense level of **12** and the estimated criminal history category of V is **27-33** months imprisonment. However, the imprisonment range could be from 10 months (bottom of CHC I) to 37 months (top of CHC VI).

D. Pursuant to § 5E1.2, assuming the estimated offense level of 12, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and

penalties.

Pursuant to § 5D1.2, if the Court imposes the term of supervised release, that term shall be at least 1 year but not more than 3 years.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 8-25-2021

Daniel Garcia
Defendant

Date: 8-25-2021

Lynn Anne Pierce
Attorney for the Defendant

Date: 9/14/21

Daniel R McIntyre
Assistant United States Attorney