IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00251-CMA

UNITED STATES OF AMERICA

   Plaintiff,

v.

1.  DANIEL GARCIA,

   Defendant.

---

**MOTION FOR VARIANT/NON-GUIDELINE SENTENCE**

---

   COMES NOW Defendant Daniel Garcia ("Mr. Garcia"), through court-appointed counsel Lynn Pierce and submits the following Motion for a Variant/Non-Guideline Sentence:

**PROCEDURAL BACKGROUND**

   On September 14, 2021, Mr. Garcia pled guilty to the sole count of the Indictment, Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).  Pursuant to the Plea Agreement [Document 19], the Mr. Garcia agrees to a limited appellate waiver and to admit the forfeiture allegation contained in the Indictment.

   The plea agreement provides that the Government will: recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §3C1.1 and §3E1.1, comment (note 4) between the time of the guilty plea and

sentencing.   Further, the government agrees to recommend a sentence within the advisory guideline range as finally calculated by the Court. The pre-sentence investigation report (PSIR) (Doc. 22) contends the Guideline Provisions consist of a total offense level of 12 and a criminal history category of V, for a guideline imprisonment range of 27 months to 33 months. *See* PSIR, p. 31. Probation has recommended a sentence of 33 months.

Mr. Garcia contends, in addition to any applicable departures, the facts of the instant case in addition to his personal background warrant a slight variant or non-guideline sentence.

## PERSONAL BACKGROUND

Mr. Garcia grew up in Pueblo. His childhood was unremarkable but when he became a teenager, he began using drugs and fell into addiction.  He had some treatment while in a halfway house but will need additional treatment when released. Mr. Garcia believes that most of his legal and personal problems stem from addiction. While on supervised release, Mr. Garcia referred for drug treatment but none was available, except for some video meetings (due to the pandemic), which he did not believe would be effective.

Mr. Garcia has a total of 4 children, two of whom were in his physical custody when he was arrested.   Part of the reason he has arrears for child support is because his children actually resided with him and/or his father rather than the mother.   Mr. Garcia was focused on providing for his children and, representing himself, neglected to get the order for support changed.   For the most part, Mr. Garcia has consistently been

2

employed except for a short time during the pandemic. When he was able to work, Mr. Garcia helped support his disabled mother in addition to his children.

Mr. Garcia is facing an additional sentence in 16-cr-00098-CMA for a supervised release violation due, in part, to Mr. Garcia being charged in this case.  In that case, Probation has recommended twelve (12) months consecutive to the instant case.  Mr. Garcia will be asking for twelve (12) months plus one (1) day.

### THE INSTANT CASE

In the instant case, Mr. Garcia possessed a gun after someone tried to shoot him.  Mr. Garcia accepted responsibility for the gun possession when arrested.

### VARIANCE

18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  No other statutory or Guidelines provision limits the consideration that should be accorded a defendant's assistance to the government. *See, e.g., United States v. Lara-Velasquez,* 919 F.2d 946, 955 (5th Cir.1990) ("In essence, the Sentencing Guidelines authorize district courts to examine every *permissible* factor — both enhancing and mitigating — that might affect a particular term of punishment.") [1]

---

[1] The sentencing judge has an obligation to consider all the relevant factors in a case and to impose a sentence outside the guidelines in an appropriate case." (quotation omitted)); *United States v. Ocasio,* 914 F.2d 330, 337-38 (1st Cir.1990)

Section 3553(a) requires determining a sentence with a view toward Congress's purposes of punishment. Thus, under advisory Guidelines, courts must consider "the nature and circumstances of the offense and the history and characteristics" of the offender as well as the various types of sentences available. [2]

Given Mr. Garcia's relevant conduct, his sentence in his supervised release case (16-cr-00098-CMA) and his personal background, a sentence with a slight variance from the bottom of the guideline range (27 months) to 20 months is fair.

## CONCLUSION

Mr. Garcia's personal history and the circumstances of the instant offense, warrants a variant sentence to twenty (20) months. Such a variant sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of 18 U. S. C. §3553(a).

WHEREFORE, Mr. Garcia respectfully requests that the Court sentence him to twenty (20) months and twelve months and a day in case No. 16-cr-00098-CMA.

---

[2]  18 U.S.C. Sec. 3553(a) provides in pertinent part:
(a)  Factors to be considered in imposing a sentence. --The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.   The court, in determining the particular sentence to be imposed, shall consider--
(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)   the need for the sentence imposed--
(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant;  and
(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

This the 10th day of December, 2021.

BUTLER, LANDRUM & PIERCE, P.C.

**/s/ Lynn A. Pierce**
Lynn A. Pierce #18953
720 Kipling Street, Suite 201
Lakewood, CO  80215
(303) 232-3888
lpierce.blp@comcast.net
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send notification of such filing to all counsel of record.

s/ Lynn Pierce