# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00251-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL GARCIA,

    Defendant.

_____

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR/NON-GUIDELINE SENTENCE
_____

The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Motion for Variant Sentence/Non-Guideline Sentence" ("Motion"). Defendant's Motion requests a variant sentence of 20 months prison. [Dkt. 24 at 4.]  In opposition, the Government requests a guidelines sentence of 33-months imprisonment followed by three years of supervised release with the conditions specified by the United States Probation Office ("Probation").

## I. Guidelines Calculation & Probation's Sentencing Recommendation

The guidelines calculations contained in the Presentence Investigation Report ("PSIR") [Dkt. 22.] are uncontested. [*See* Dkt. 23 (Defendant does not object to PSIR).] Probation calculated the base offense level at 14 because Defendant was a prohibited person at the time of possession. [Dkt. 22, ¶ 17.]  Furthermore, the parties agree that

Defendant's Criminal History Category is V [*Id.* ¶ 40; *See* Dkt. 23.] Finally, Defendant will receive a two-level adjustment for Acceptance of Responsibility pursuant to Section 3E1.1(a), rendering the total offense level at 12. [Dkt. 22.] Accordingly, the applicable sentencing range is 27 to 33 months. *See* USSG Ch. 5. Pt. A, Sentencing Table. Ultimately, Probation recommends a sentence at the top of the guidelines: 33 months' imprisonment with three years of supervised release. [Dkt. 22, Ex. A.] The Government joins in this recommendation.

## II. A 33-month sentence is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth the goals of 18 U.S.C. § 3553(a).

Pursuant to the factors listed in 18 U.S.C. § 3553(a), a 33-month prison sentence followed by three years of supervised release is a sufficient, but not greater than necessary, sentence to satisfy the sentencing goals. Below, the Government argues that the Defendant's repeated law violations and poor response to supervision as well as his continued gang association justify a top-guidelines sentence pursuant to the goals of 18 U.S.C. § 3553(a). In contrast, Defendant argues that the Defendant's addiction, custody of his children, and a likely sentence to be imposed on revocation in his prior federal case justify a variant sentence under the same factors. [*See* Dkt. 23 at 2-3.]

### A. Section 3553(a)(2)(B) and (C): Promoting Respect for the Law, Deterrence and Public Safety.

Defendant was on federal supervised release and state parole at the time of the instant offense for the same crime as the present case. He violated both supervision terms by committing the same crime. This justifies a top-of-the-guidelines sentence under Sections 3553(a)(2)(B) and (C).

2

Expanding on this argument, Defendant was convicted of Possession of a Firearm by a Previously Convicted Felon, 18 U.S.C. § 922(g)(1), in District of Colorado No. 16-cr-00098-CMA and sentenced to the top of the guidelines in that case: 37 months imprisonment (concurrent to Pueblo County Case No. 16CR125) and three years of supervised release. He violated the identical statute in the present case. In fact, he committed the new offense a little more than one year into his three-year supervision term. [*United States v. Daniel Garcia*, No. 16-cr-0098-CMA, Dkt. 63 at 4 (Released April 22, 2020 and arrested May 13, 2021); *See* Ex. 1 at 2 (admitting he had possessed the gun for approximately 30 days).] By choosing to arm himself once again and so soon into his supervised-release term, Defendant demonstrates that he has not learned from and does not respect the Court's previous sentence. He should not be rewarded with a 20-month variant sentence for the same crime, especially after serving a federal and state prison sentences on the previous conduct. [Dkt. 22, ¶ 37].

Since his first felony conviction 14 years ago, Defendant has also exhibited little regard for state prohibitions against possessing firearms. Defendant was on concurrent state parole in Pueblo County Case No. 16CR125 for two counts of Burglary at the time of the instant offense. [Dkt. 23, ¶ 36]. Additionally, he has another felony conviction for Vehicular Eluding, sustained when he was 19 years old. [*Id.* at 2, ¶ 26-37.] The current offense is his fifth felony conviction at only 33 years old. Because of Defendant's poor responses to prohibitions and subsequent supervision, a guidelines prison sentence and three-year supervised release term is necessary to protect the community from Defendant's continuing recidivism as well as deter him from future criminal conduct.

### B. Section 3553(a)(2)(A): History and Characteristics of the Defendant

Defendant's gang association and addiction justify a top-guidelines sentence and three-year supervision term pursuant to Section 3553(a)(2)(A). First, Defendant has persisted in gang association despite an express supervised release condition imposed by this Court prohibiting such conduct. [*United States v. Daniel Garcia*, No. 16-cr-0098-CMA, Dkt. 47.] In the present case, on scene, Defendant admitted to Probation that he possessed the firearm because he is a gang member and has been shot at because of his gang life. [Ex. 1, ¶ 5.] Defendant's continued gang association, in defiance of Court orders, demonstrates that Defendant is unwilling to disassociate himself from a dangerous lifestyle that is mired in firearms. A longer sentence is necessary to protect the public from Defendant's continued conduct.

Second, the Government is concerned with Defendant's continued drug use and his potential to mix controlled substances with firearm possession. The PSIR details his substance abuse history [Dkt. 22, ¶¶ 86-95.] Defendant further admits to his addiction in his Motion [*Id.* at 2.]. Despite the Court's imposition of testing and treatment for substance abuse in District of Colorado No. 16-cr-00098-CMA, Defendant has been noncompliant [*United States v. Daniel Garcia*, No. 16-cr-0098-CMA, Dkt. 63 at 4 ("…defendant failed to make treatment a priority and did not attend services.").] Defendant seemingly argues that his addiction should excuse his behavior and thus justifies a variant sentence. [Dkt. 23 at 2.] Rather, the Government asserts Defendant's continued drug use when combined with firearm possession presents aggravation justifying a longer sentence.

Defendant also argues that "Defendant was focused on providing for his children," also justifying a variant sentence. [Dkt. 23 at 2.] The Government reasons that Defendant did not prioritize his children when committing the present offense—he should not be rewarded for risking his children's wellbeing by possessing a firearm that will lead to further imprisonment.

### C.      Section 3553(a)(1): Nature and Circumstances of the Offense

The facts are relatively simple in the present case: Defendant possessed a loaded firearm in his vehicle that was located during a probation search despite denying that any prohibited items would be found. [Dkt. 22, ¶¶ 7-8.] While Probation acknowledges that "… the circumstances in the instant offense are not as egregious as the circumstances in his prior federal offense..." [Dkt. 22, Ex. A,], these facts are concerning when viewed in context of Defendant's lifestyle.

Probation officers located the loaded firearm unsecured in the vehicle. [Ex. 1, ¶¶ 4, 6.] The firearm was accessible by anyone with access to the car, possibly even Defendant's children or mother. Furthermore, Defendant told probation officers that he needed the firearm for protection due to his gang associations [*See* Ex. 1, ¶ 5.] As argued above, the Government is concerned that Defendant declines to disengage from gang associations that leads him to arm himself and be exposed to violence. Repeated federal and state prohibitions as well as parole and supervised release conditions have been unsuccessful in changing this mindset or the dangerous choices he makes. A top-guidelines sentence and three-year supervision term are important to protect the public from Defendant's continuing, dangerous choices.

5

**III.     A consecutive sentence is further warranted in Defendant's companion case.**

Defendant notes that in the companion case, *United States v. Daniel Garcia*, No. 16-cr-00098-CMA, he will be requesting a "twelve (12) months plus one (1) day" sentence. [Dkt. 23 at 3.] He does not address whether he will request that sentence be concurrent or consecutive to the instant case. At any rate, the Government asserts that the reasoning above on the Section 3553(a) factors not only supports a top-guidelines sentence but also supports a prison sentence in the companion case to run consecutive pursuant to USSG § 7B1.3F and 18 U.S.C. § 3584. In the companion case, the Government will join the United States Probation Office's recommendation of 12 months imprisonment to run consecutive to the present case. [*United States v. Daniel Garcia*, No. 16-cr-00098-CMA, Dkt. 63 at 5.]

## CONCLUSION

The Government requests the Court deny Defendant's Motion. A sentence of 33 months' imprisonment and three years of supervised release is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

DATED this 23rd day of December 2021.

COLE FINEGAN
United States Attorney

*s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Al.Buchman@usdoj.gov

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                          s/ *Brenda L. Lozano*
                                          BRENDA L. LOZANO
                                          Legal Assistant
                                          United States Attorney's Office